UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALFRED JOHN SUFKA, | Civil File No. 08-337 (MJD/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| THE STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be summarily denied pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 1996, Petitioner entered a plea of "no contest" to a Minnesota state criminal charge of first degree criminal sexual conduct. He was sentenced to ten years in state prison, and he is currently serving his sentence at the Minnesota Correctional Facility at Rush City, Minnesota.[2] (Petition, [Docket No. 1], p. (2), §§ 2-5.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Petitioner has not explained why he is still serving a ten-year sentence that apparently was imposed nearly twelve years ago.

Petitioner's current habeas corpus petition indicates that he did not file a direct appeal following his conviction and sentence. (Id., § 8.) The petition also indicates, on its face, that he never sought post-conviction relief in the Minnesota state courts. (Id., p. (3), § 10.) However, there are some documents attached to the petition, which seem to suggest that he may have initiated state post-conviction proceedings in 2007. Any state post-conviction activities that Petitioner may have pursued apparently were unsuccessful.

Petitioner's current federal habeas corpus petition is dated January 30, 2008, and it was filed by the Clerk of Court on February 7, 2008.[3] The petition lists four grounds for relief, which Petitioner has described as follows:

(1) "What the State is saying I did I did not do and I can prove this."

(2) "Nothing had been done for over two years until she was caught with her pants down."

(3) "When she got caught she calls me to come and get her."

(4) "She call me under no contact rule by court she sent photos and letters."

(Id., pp. (5) - (6); § 12.)

---

[3] The Court reviewed the instant petition shortly after it was filed, and noted that (a) the petition appeared to be time-barred by the one-year statute of limitations that applies to federal habeas corpus actions, (see 28 U.S.C. § 2244(d)), and (b) Petitioner apparently did not fully exhaust all available state court remedies, for all of his claims, before seeking federal habeas corpus relief, (see 28 U.S.C. § 2254(b)). Therefore, by Order dated February 8, 2008, (Docket No. 3), Petitioner was directed to file a supplemental memorandum and affidavit explaining why this action should not be summarily dismissed due to untimeliness and/or non-exhaustion. Petitioner has filed two documents in response to the Court's prior order, (Docket Nos. 7 and 10), but they are both woefully inadequate. Petitioner has not demonstrated that his current petition is timely, nor has he shown that he has satisfied the exhaustion of state court remedies requirement. However, the Court will not presently recommend that this action be dismissed on either of those grounds. Instead, the Court finds that this action must be dismissed because of another fundamental defect, which is discussed below.

For the reasons discussed below, the Court finds that Petitioner's current claims for relief cannot be entertained in a federal habeas corpus proceeding.

## II. DISCUSSION

A federal district court may entertain a habeas corpus petition filed by a state detainee "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  As explained by the United States Supreme Court, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991).  See also Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

In this case, Petitioner has not described any alleged violation of his federal constitutional rights.  None of the four grounds for relief listed in the current petition includes any direct or indirect reference to the federal Constitution or any federal constitutional right.  Instead, Petitioner claims only that he has discovered some "new evidence" that he would like to present.  Petitioner apparently believes that his new evidence, (which is never clearly identified in any of his submissions), would somehow undermine the validity of his "no contest" plea, and show that he is actually innocent.

However, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993).  In some cases, newly discovered evidence that purportedly shows actual innocence can be used to bolster some separate, clearly

3

identified, constitutional claim, but "a claim of 'actual innocence' is not itself a constitutional claim." Id. at 404 (emphasis added). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." Id. at 400, citing Moore v. Dempsey, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved").

Again, Petitioner has not suggested that there is any constitutional basis for any of the claims that he is attempting to bring in his habeas current corpus petition. The United States Constitution is never specifically mentioned, or even alluded to, anywhere in the petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. Instead, Petitioner is simply asking the federal court to re-weigh the relevant evidence, including his purported "newly discovered evidence," and make an independent determination that he is factually innocent, (despite his prior no contest plea). That cannot be done here. In habeas corpus cases brought by state prisoners, federal courts cannot act as triers of fact; they can only review alleged constitutional errors. In this case, Petitioner has not identified any alleged constitutional error, so he has not presented any viable habeas corpus claim.

### III.  CONCLUSION

Because Petitioner has not identified any federal constitutional basis for any of his current claims for relief, his habeas corpus petition cannot be entertained in federal court. It is therefore recommended that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 8.) That request must be denied, because Petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 8), be **DENIED**;

2. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **SUMMARILY DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**.


Dated:   April 4, 2008

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 21, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.